FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 31 2023
TAMMY H. DOWNS, CLERK
By: DEP CLERK

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

BROADCAST MUSIC, INC.; HOWE SOUND MUSIC PUBLISHING LLC d/b/a CYPRESS PARK MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; WELSH WITCH MUSIC; PRIMARY WAVE MUSIC IP FUND 2 GP, LLC and PWMP VENTURES LLC, a limited partnership d/b/a PRIMARY WAVE BOPS; SHOWBILLY MUSIC; TOKECO TUNES, PLAINTIFFS

This case assigned to District Judge Rudofsky
and to Magistrate Judge Volpe

V. CIVIL ACTION NO. 4:23cv-1046-LPR

ARKANSAS BREWING COMPANY; BRAINA MICHELLE DUBRE, DESTINY L. BROCKETT, and CHRISTOPHER D. BROCKETT, individually DEFENDANTS

COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade

Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 20.6 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Howe Sound Music Publishing LLC is a limited liability company doing business as Cypress Park Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Welsh Witch Music is a sole proprietorship owned by Stephanie Nicks. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Primary Wave Bops is a limited partnership owned by Primary Wave Music IP Fund 2 GP, LLC and PWMP Ventures LLC. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Showbilly Music is a sole proprietorship owned by Ronnie Gene Dunn. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Tokeco Tunes is a sole proprietorship owned by Toby Keith Covel. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Defendant Arkansas Brewing Company is a corporation organized and existing under the laws of the state of Arkansas, which operates, maintains and controls an establishment known as Arkansas Brewing Co., located at 201 S. 1st Street, Ozark, Arkansas 72949, in this district (the "Establishment").

13. In connection with the operation of the Establishment, Defendant Arkansas Brewing Company publicly performs musical compositions and/or causes musical compositions to be publicly performed.

14. Defendant Arkansas Brewing Company has a direct financial interest in the Establishment.

15. Defendant Braina Michelle Dubre is the incorporator of Defendant Arkansas Brewing Company with responsibility for the operation and management of that corporation and the Establishment.

16. Defendant Braina Michelle Dubre has the right and ability to supervise the activities of Defendant Arkansas Brewing Company and a direct financial interest in that corporation and the Establishment.

17. Defendant Destiny L. Brockett is an officer of Defendant Arkansas Brewing Company with responsibility for the operation and management of that corporation and the Establishment.

18. Defendant Destiny L. Brockett has the right and ability to supervise the activities of Defendant Arkansas Brewing Company and a direct financial interest in that corporation and the Establishment.

19. Defendant Christopher D. Brockett is an officer of Defendant Arkansas Brewing Company with responsibility for the operation and management of that corporation and the Establishment.

20. Defendant Christopher D. Brockett has the right and ability to supervise the activities of Defendant Arkansas Brewing Company and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

21. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 20.

22. Since May 2022, BMI has reached out to Defendants over sixty (60) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

23. Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal

rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

24. Attached to this Complaint and incorporated herein is Exhibit A containing a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

25. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

26. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

27. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the

Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

28. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

29. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

**ROSE LAW FIRM, a**
**Professional Association**

Richard Donovan, AR Bar No. 83054
Betsy Baker, AR Bar No. 2010128
120 East Fourth Street
Little Rock, AR 72201
Phone: (501) 375-9131
Email: *rdonovan@roselawfirm.com*
*bbaker@roselawfirm.com*

*Attorneys for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Country Boy Can Survive a/k/a A Country Boy Can Survive |
| Line 3 | Writer(s) | Randall Hank Williams a/k/a Hank Williams, Jr. |
| Line 4 | Publisher Plaintiff(s) | Howe Sound Music Publishing LLC d/b/a Cypress Park Music |
| Line 5 | Date(s) of Registration | 7/20/81 |
| Line 6 | Registration No(s). | PAu 316-103 |
| Line 7 | Date(s) of Infringement | 3/17/23 |
| Line 8 | Place of Infringement | Arkansas Brewing Co. |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Don't Take The Girl |
| Line 3 | Writer(s) | Craig M. Martin; Larry W. Johnson |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp.; Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing |
| Line 5 | Date(s) of Registration | 10/7/93 |
| Line 6 | Registration No(s). | PA 675-193 |
| Line 7 | Date(s) of Infringement | 3/17/23 |
| Line 8 | Place of Infringement | Arkansas Brewing Co. |

---



| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Landslide |
| Line 3 | Writer(s) | Stevie Nicks |
| Line 4 | Publisher Plaintiff(s) | Stephanie Nicks, an individual d/b/a Welsh Witch Music; Primary Wave Music IP Fund 2 GP, LLC and PWMP Ventures LLC, a Limited Partnership d/b/a Primary Wave Bops |
| Line 5 | Date(s) of Registration | 6/30/75 |
| Line 6 | Registration No(s). | Eu 593046 |
| Line 7 | Date(s) of Infringement | 1/28/23 |
| Line 8 | Place of Infringement | Arkansas Brewing Co. |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Neon Moon |
| Line 3 | Writer(s) | Ronnie Dunn |
| Line 4 | Publisher Plaintiff(s) | Ronnie Gene Dunn, an individual d/b/a Showbilly Music |
| Line 5 | Date(s) of Registration | 9/16/91 |
| Line 6 | Registration No(s). | PA 536-368 |
| Line 7 | Date(s) of Infringement | 3/17/23 |
| Line 8 | Place of Infringement | Arkansas Brewing Co. |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Who's Your Daddy? |
| Line 3 | Writer(s) | Toby Keith Covel |
| Line 4 | Publisher Plaintiff(s) | Toby Keith Covel, an individual d/b/a Tokeco Tunes |
| Line 5 | Date(s) of Registration | 8/9/02 |
| Line 6 | Registration No(s). | PA 847-122 |
| Line 7 | Date(s) of Infringement | 3/17/23 |
| Line 8 | Place of Infringement | Arkansas Brewing Co. |

---